UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
**MICHAEL WALTER FRASER and**                                :
**JACQUELINE FRASER,**                                       :
                                                             :
                              Plaintiffs,                    :
                                                             :  **DECISION and ORDER ADOPTING**
                                                             :  **REPORT & RECOMMENDATION**
                    **- against -**                          :
                                                             :
                                                             :  16 Civ. 448 (AMD) (LB)
                                                             :
**DEUTSCHE BANK NATIONAL TRUST**                             :
**COMPANY** *as Trustee for Morgan Stanley*                  :
*ABS Capital I Inc., Trust 2003-HE1, dated as of*            :
*June 1, 2003 et al and all other parties of*                :
*interest*, **and JOHN AND JANE DOES 1-50,**                 :
                                                             :
                              Defendants.                    :
                                                             :
------------------------------------------------------------ X

**ANN DONNELLY,** District Judge.

The plaintiffs, Michael Walter Fraser and Jacqueline Fraser, filed their complaint, entitled "Petition to Cancel Note and Mortgage for Fraud, Usury, Material Misrepresentation, Fraud in the Inducement, Fraud in Fact, Lack of Consideration, Claim in Recoupment, and Quiet Title Against All Known Respondents and John and Jane Does and for Declaratory Relief" on January 28, 2016.[1] (ECF No. 1.) The complaint, while largely difficult to understand, appears to seek, among other things, the intervention of this court in a pending state court foreclosure action.[2]

On October 21, 2016, Deutsche Bank National Trust Company moved to dismiss the plaintiffs' complaint in its entirety. (ECF No. 17.) The plaintiffs filed a response to the defendant's motion to dismiss on October 21, 2016 entitled "A Motion in Limine to Deny Reject

---

[1] The plaintiffs named Aames Funding Corporation and Deutsche Bank National Trust Company as defendants. (*Id.*) The claims against Aames Funding Corporation were dismissed on October 6, 2016, because the plaintiffs did not serve the summons and complaint.
[2] The plaintiffs paid the filing fee.

1

and Stricken Defendants Notice of Motion All Contents & Declaration In Support of Motion to Dismiss." (ECF No. 25.) I referred the fully briefed motion to dismiss to Magistrate Judge Lois Bloom for a report and recommendation as to whether the motion should be granted.

On January 24, 2017, Judge Bloom issued a thoughtful and thorough report recommending dismissal of the plaintiffs' complaint. The plaintiffs did not object.

Judge Bloom recommended dismissal of the claims for injunctive and declaratory relief under the *Younger* doctrine, which provides that federal courts must decline, under particular circumstances, to exercise jurisdiction where it would disrupt state proceedings. (R&R at 6.) Further, the request for injunctive relief is barred by the Antic-Injunction Act. (*Id.* at 7.)

With respect to the plaintiffs' claims for damages, Judge Bloom liberally construed the complaint, and read it to raise claims under: the Consumer Financial Protection Act of 2010 ("CFPA"), the Federal Trade Commission Act ("FTCA"), the Fair Debt Collection Practices Act ("FDCPA"), and Equal Protection Opportunity Act ("EPOA"), the Truth in Lending Act ("TILA"), Regulation Z,[3] and the Real Estate Settlement Procedures Act ("RESPA"). Judge Bloom recommended dismissal of the CFPA and FTCA claims because there is no private right of action under those statutes; the ECOA, TILA, Regulation Z, and RESPA claims are time-barred; and the FDCPA claims fail because the defendant is not a debt collector trying to collect the debt of another, as required by the FDCPA. Finally, Judge Bloom recommended that I decline to exercise supplemental jurisdiction over the plaintiffs' state law claims.

In considering a report and recommendation, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If there were no objections, the district court need only find that there was no clear

---

[3] Regulation Z is a "regulatory vehicle through which TILA is implemented." *McLean-Laprade v. HSBC*, No. 7:12-CV-1774 LEK/ATB, 2013 WL 3930565, at *8 (N.D.N.Y. July 30, 2013).

error.  *White v. W. Beef Properties, Inc.*, No. 07-cv-2345-RJD-JMA, 2011 WL 6140512, at *2 (E.D.N.Y. Dec. 9, 2011).

In addition to Judge Bloom's report and recommendation, I have reviewed the complaint, the defendant's motion to dismiss and associated exhibits, and the plaintiffs' submissions.  I find that the report and recommendation is well-reasoned and thorough, without any factual or legal errors; thus, I adopt it in its entirety.

Accordingly, Judge Bloom's report and recommendation is adopted in its entirety.  The complaint is dismissed with prejudice.  Because amendment to the plaintiffs' complaint would be futile, the plaintiffs are not granted leave to amend.

**SO ORDERED.**

<u>**s/Ann M. Donnelly**</u>
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
      February 10, 2017